**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

WARD KRAFT, INC., and TWIN )
CITY FIRE INS. CO., )
                                               )
                **Plaintiffs,**     )
                                               )
v.                                             )
                                               )     **Case No. 19-2211-CM-GEB**
UMB BANK, N.A., and )
FARRIS BOBANGO PLC, )
                                               )
                **Defendants.**    )
_____)
                                               )
UMB BANK, N.A., )
                                               )
              **Third-Party Plaintiff,**    )
                                               )
v. )
                                             )
TRIUMPH BANK, )
                                             )
              **Third-Party Defendant.** )

## MEMORANDUM AND ORDER

The matter before this court is the motion to dismiss for lack of personal jurisdiction brought by third-party defendant Triumph Bank. (Doc. 29.) Triumph Bank, a Tennessee-chartered bank based in Memphis, seeks to dismiss the claims against it brought by defendant and third-party plaintiff, UMB Bank, N.A. ("UMB"), based in Missouri. The claims stem from a single fraudulent check-cashing transaction. For reasons explained below, the court holds that UMB has not demonstrated that Triumph Bank had minimum contacts with Kansas sufficient to support the court's exercise of personal jurisdiction.

In the underlying complaint (Doc. 1), plaintiffs Kansas-corporation Ward Kraft, Inc., and its insurer Twin City Fire Ins. Co. describe the following events. On April 9, 2018, Ward Kraft issued and mailed a company check for $7,500 to a vendor in Canada, Arcis Digital Security Inc. The check was intercepted and stolen by an unknown wrongdoer. Based on plaintiffs' investigation, that wrongdoer, or a confederate, approached Tennessee law firm Farris Bobango seeking legal assistance with the purchase of an excavator. After Farris Bobango agreed to take on the representation for a $4,800 fee, the wrongdoer presented the firm with the Ward Kraft check. The check had been altered from its original state: the payee was changed to Farris Bobango; the date was changed to April 30, 2018; and the amount of the check was changed to $247,500. Farris Bobango deposited the check in the firm's trust account at Triumph Bank, which in turn presented the check to UMB for payment on May 4, 2018. After receiving the funds from UMB, Triumph Bank distributed them by wire transfer according to instructions from Farris Bobango. Ward Kraft discovered the improper payment when it reviewed its May bank statement from UMB.

Along with its insurance company, Ward Kraft filed suit against defendants UMB and Farris Bobango, alleging that they wrongfully facilitated the fraudulent scheme. UMB filed a counterclaim against Ward Kraft, a cross-claim against Farris Bobango, and a third-party complaint against Triumph Bank. (Doc. 11.) In its third-party complaint, UMB makes one claim against Triumph Bank for breach of its presentment warranties under Tennessee law, T.C.A. §§ 47-3-417(b) and 47-4-208(b). To demonstrate that this court has specific personal jurisdiction over Triumph Bank, stemming from this one transaction, UMB alleges:

> Triumph Bank is subject to personal jurisdiction in this Court under K.S.A. § 60-308 because Triumph Bank transacted business in the State of Kansas and/or engaged in acts or omissions that caused injury within the State of Kansas while engaged in service activities in Kansas. Triumph Bank intentionally directed actions into the State of Kansas by accepting for deposit an allegedly fraudulent check drawn on the UMB account of Ward Kraft, a Kansas corporation and Kansas citizen.

(Doc. 11, at ¶ 4.) In its motion to dismiss, Triumph Bank claims that all its offices and branches are located in Tennessee. It does not own any property in Kansas; it has no employees in Kansas; it conducts no business in Kansas; and it does not engage in any marketing in Kansas. To the best of its knowledge, none of its account holders are residents of Kansas. (Doc. 30, at ¶¶ 9-12.) These assertions are included in an affidavit, sworn and attested to by Triumph Bank's executive vice president, and attached to the bank's memorandum as an exhibit. (Doc. 30, Ex. 1.)

As set forth in greater detail in the court's order in this case (Doc. 56) on the motion to dismiss brought by Farris Bobango, a plaintiff has the burden to establish that the court's exercise of personal jurisdiction over a defendant is proper. *OMI Holdings, Inc. v. Royal Ins. Of Canada*, 149 F.3d 1086, 1091 (10th Cir. 2005). In connection with the present motion, that burden falls on third-party plaintiff UMB. The court must assume the allegations in the complaint are true to the extent they are not controverted, and will resolve any factual disputes in UMB's favor. *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011). To defeat a motion to dismiss, the plaintiff need only make a prima facie showing that personal jurisdiction exists by demonstrating facts that, if true, would support jurisdiction. *Id.*; *OMI Holdings*, 149 F.3d at 1091. In order to overcome this prima facie showing, the defendant "must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

Because Kansas' long-arm statute, Kan. Stat. Ann. § 60-308(b), extends the reach of Kansas courts to the full extent permitted by the due process clause of the federal constitution, the court may proceed directly to a determination of whether the court's exercise of jurisdiction is consistent with due process. *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011). This is a two-step process: first the court must identify minimum contacts between the defendant and the forum state,

*Burger King*, 471 U.S. at 471–72 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)); and second, if those contacts are demonstrated, the court must ensure "that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316 (internal quotations omitted). Specific personal jurisdiction, as alleged here by UMB, requires that the defendant has purposefully directed activities at the forum state and the lawsuit arises from those contacts. *OMI Holdings*, 149 F.3d at 1091.

UMB argues that Triumph Bank intentionally directed its conduct into Kansas by accepting a check for deposit that was drawn on the account of a Kansas company. However, Triumph Bank points out that the check was deposited in Tennessee by its account holder, Tennessee law firm Farris Bobango. Triumph Bank presented the check for payment to UMB in Missouri. On receipt of the funds, Triumph Bank wired them to the purported sellers of the excavator. There is no evidence to show that these recipients were in Kansas. Beyond this, based on Triumph Bank's affidavit, the bank has no other connections with Kansas. Moreover, any alleged harm to UMB that may have been caused by Triumph Bank took place in Missouri, where UMB is based.

Case law indicates that a finding of purposeful direction to a forum state requires more than a bank's acceptance of a check that originated in the forum. *See Froning & Deppe, Inc, v. Cont'l Ill. Nat'l Bank & Trust*, 695 F.2d 289, 291–92 (7th Cir. 1982) (". . . the fundamentals of substantial justice . . . would be offended by basing jurisdiction over a non-resident bank upon the bank's mere acceptance of a check which indicates on its face its origin in the forum state."); *Leney v. Plum Grove Bank*, 670 F.2d 878, 880 (10th Cir. 1982); *Eferakeya v. Twin City State Bank*, 766 P. 2d 837, 848 (Kan. App. Ct. 1988) (collecting cases). Based on the facts alleged by UMB, Triumph Bank's affidavit, and the law, the court determines that Triumph Bank does not have the requisite minimum

contacts with Kansas to support the court's exercise of personal jurisdiction. As a result, it is not necessary for the court to reach the second, reasonableness step of the jurisdictional analysis.

*Transfer*

As an alternative to finding that Triumph Bank is subject to personal jurisdiction in Kansas, UMB moves the court to transfer the case in its entirety to the Western District of Tennessee, pursuant to its discretionary powers under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice." (Doc. 45.) However, the court declines to undertake this course of action. Plaintiffs filed this lawsuit in Kansas, and did not include any claims against Triumph Bank. Generally, the plaintiff has the right to select its forum. *Amerada Petroleum Corp. v. Rio Oil Co.*, 225 F. Supp. 907, 910 (D. Wyo. 1964). Given the facts of this case as they presently stand, the court does not deem it appropriate to transfer the matter from Kansas.

**IT IS THEREFORE ORDERED** that Triumph Bank's motion to dismiss the third-party complaint for lack of personal jurisdiction is granted. (Doc. 29.) UMB's alternative request contained in Doc. 45 to transfer the case to the Western District of Tennessee is denied.

Dated this 25th day of October, 2019, at Kansas City, Kansas.

                         **s/ Carlos Murguia**
                         **CARLOS MURGUIA**
                         **United States District Judge**